FILED

MAR 21 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DOUGLAS C. ANDERSON, )
)
Plaintiff, )
)
v. ) No. CIV 10-411-RAW-SPS
)
GENESE McCOY and )
DR. DONALD L. SUTMILLER, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint, the defendants' motion, plaintiff's response, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, a former DOC inmate appearing *pro se*, brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration. The defendants are DOC Medical Administrator Genese McCoy and DOC Chief Medical Officer Dr. Don Sutmiller.[1]

Plaintiff alleges he was severely injured while on a work crew at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma, in October 2008, when a tree fell on the ground and a large limb hit him, causing a broken neck, herniated disks in his back, a fractured hip, left shoulder injury, and left knee injury. He claims he was told to forget about the incident and was denied proper medical care. When he insisted on treatment, the medical staff allegedly ripped up his requests in front of him and told him not to ask again, violating

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

his right of access to the courts. He later was transferred to Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, where he claims he was denied treatment again.

In November 2009 he was transferred to Jim E. Hamilton Correctional Center (JEHCC) in Hodgen, Oklahoma, where the doctor ordered tests and sent him to the University of Oklahoma Medical Center for additional testing. The specialist allegedly diagnosed a broken neck, spinal problems, and a fractured hip, and determined plaintiff needed corrective surgery to relieve his pain. After the facility doctor recommended plaintiff for neck surgery in Tulsa, it took several months to have it performed. Plaintiff claims that after the surgery, he was denied approval of additional surgeries to further treat his pain.

The defendants allege plaintiff has failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process," effective September 8, 2009. An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later.

If, after 30 days the inmate has not received a response to his formal grievance, he may appeal to the Administrative Review Authority or Chief Medical Officer, asserting only that his grievance was not answered. If the grievance does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

According to the special report, plaintiff arrived at HMCC on October 1, 2008, and was assigned a job as a tutor in the Education Department on October 13, 2008. There is no record of plaintiff's reporting to or working on the HMCC Chief of Security Work Crew. Plaintiff's DOC medical file indicates he did not request treatment for any injuries while he was incarcerated at HMCC, and there are no references to complaints of injuries while he was at that facility. Furthermore, the medical personnel who worked at the HMCC clinic from November 2009 through April 2009 deny knowledge of any injuries to plaintiff, medical complaints by him, or of the destruction of any of his sick call requests. Plaintiff was transferred to MACC on April 9, 2009, and then to JEHCC on November 6, 2009.

Debbie Morton, DOC Manager of the Administrative Review Unit, states by affidavit that she has reviewed documentation regarding plaintiff, and he has not filed an appeal to the Administrative Review Authority regarding personal injury. Mike Murray, DOC Nurse Manager in the DOC Medical Services administrative office, states by affidavit that he has reviewed the offender medical grievance log and the individual offender grievance files maintained by the Medical Services administrative office. The Medical Administrative Review Authority did not receive any grievance appeals or other correspondence from plaintiff between April 9, 2009, and November 6, 2009, the time he was incarcerated at MACC. Therefore, the DOC administrative remedy process for any medical issues during this time period was not exhausted.

On March 18, 2010, plaintiff submitted a grievance to Tim Olive at JEHCC, requesting an appointment with a neurosurgeon to treat pain resulting from the alleged October 2008 injury. The grievance was returned unanswered on March 19, 2010, because

3

it was not signed by plaintiff, and there was no Request to Staff submitted and signed by his assigned unit manager. Plaintiff was advised he had ten calendar days from receipt of the returned grievance to properly resubmit the grievance. The record does not indicate he properly submitted his grievance within the allowed time.

Plaintiff asserts in his response to the motion to dismiss that he did exhaust the available administrative remedies by sending Request to Staff forms on several occasions to the facility and medical staff, but his efforts were circumvented or ignored. He alleges he also sent Request to Staff forms to the defendants on two separate occasions, but their responses did not address his questions. Instead, the defendants issued written warnings to him concerning the grievance process, obstructing further proceedings in the process. Plaintiff contends the defendants' actions exhausted the available administrative remedies for those issues. He further claims he still is in the process of grieving to the Administrative Review Authority on a grievance returned to him on May 25, 2011. The PLRA, however, requires exhaustion before filing suit.

After careful review, the court finds plaintiff has failed to follow the procedure for exhausting the administrative remedies for his claims, and this action must be dismissed pursuant to 42 U.S.C. § 1997e(a).

**ACCORDINGLY,** the defendants' motion to dismiss [Docket No. 20] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

**IT IS SO ORDERED** this 21st day of March 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**

4